UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

Criminal No. 04-186(3) (JNE/JSM)
v.
Civil No. 08-6092 (JNE)
ORDER

Carlos Lattrell McAdory,

Defendant.

From 2002 to 2004, Carlos Lattrell McAdory participated in a series of armed robberies

of bars in and around St. Paul, Minnesota.  In a Third Superseding Indictment, he was charged

with conspiracy to commit robbery affecting interstate commerce; robbery affecting interstate

commerce; use of a firearm in a crime of violence; and being a felon in possession of a firearm.

After a jury found McAdory guilty on all counts, the Court sentenced him to multiple,

consecutive terms of life imprisonment.  McAdory appealed, and the Eighth Circuit affirmed.

*United States v. McAdory*, 501 F.3d 868 (8th Cir. 2007).  McAdory then filed a timely motion

under 28 U.S.C.A. § 2255 (West Supp. 2008).  Because the record conclusively shows that

McAdory is not entitled to relief, the Court denies the motion without a hearing.  *See Engelen v.*

*United States*, 68 F.3d 238, 240 (8th Cir. 1995).

*Ineffective assistance of counsel*

The first ground asserted by McAdory in support of his motion is that he received

ineffective assistance of counsel.  The Court notes that Robert Richman, known to the Court as

an experienced and respected member of the defense bar, was initially appointed to represent

McAdory.  A short time later, McAdory discharged Mr. Richman and retained Caroline Durham

and Calandra Harris to represent him.  Consequently, Ms. Durham filed a Substitution of

Counsel to reflect that she and Ms. Harris represented McAdory.  Ms. Durham was in private

1

practice when she and Ms. Harris represented McAdory; Ms. Durham is now an Assistant

Federal Defender in the Office of the Federal Defender for the District of Minnesota.  After trial,

McAdory discharged Ms. Durham and Ms. Harris, and the Court permitted Ms. Durham and Ms.

Harris to withdraw.  The Court then appointed another attorney, Robert Davis, to represent

McAdory.  A short time later, McAdory terminated Mr. Davis's representation and retained Ira

Whitlock.  Mr. Whitlock represented McAdory at sentencing and on appeal.  McAdory's motion

focuses primarily on alleged deficiencies in Ms. Harris's representation.

Ms. Harris is currently the subject of serious charges of professional misconduct brought

by the Director of the Office of Lawyers Professional Responsibility.  The charges are currently

pending before the Minnesota Supreme Court.  One of the counts in the Petition for Disciplinary

Action against Ms. Harris arises out of her alleged failure to timely deliver McAdory's file to

him after the conclusion of his trial.  Naturally, a person in McAdory's position would have

concerns about the representation he had received upon learning that his trial counsel was the

subject of disciplinary proceedings.

In light of that concern, the Court has paid particular attention to the charges of

ineffective assistance asserted by McAdory against Ms. Harris in this motion.  The government

appears to have done the same.  In its 65-page response to McAdory's motion, the government

provides a detailed refutation of each alleged instance of ineffective assistance by Ms. Harris (as

well as Ms. Durham and Mr. Whitlock).  The government has accurately represented the record,

and the Court agrees that the alleged deficiencies do not actually constitute deficient

performance.  *See Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

With regard to Ms. Harris, while she may have been inelegant at times—McAdory cites

one instance when the Court declined to permit Ms. Harris to approach a witness because she

had not established an appropriate foundation—McAdory's assertions fall far short of demonstrating ineffective assistance.  Ms. Harris was actually attempting to impeach a witness with a law enforcement officer's report of a conversation that the officer had with the witness. Attempting to use a law enforcement officer's written report of a conversation with a person to impeach that person as if the police officer's statement was a prior inconsistent statement of the person (failing to recognize that the police officer is in fact the declarant) is a common mistake.[1] *Cf. United States v. Barile*, 286 F.3d 749, 757-58 (4th Cir. 2002); *United States v. Adames*, 56 F.3d 737, 744-45 & n.3 (7th Cir. 1995); *United States v. Schoenborn*, 4 F.3d 1424, 1429 n.3 (7th Cir. 1993); *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993); *United States v. Benson*, 961 F.2d 707, 708-09 (8th Cir. 1992); *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (per curiam).  To the extent Ms. Harris was attempting to refresh the witness's recollection without having established the requisite foundation, namely the witness's failure of recollection and that viewing the document in question might refresh the recollection, the examination encountered yet another problem that is not uncommon.  *Cf. United States v. Balthazard*, 360 F.3d 309, 318 (1st Cir. 2004); *United States v. Weller*, 238 F.3d 1215, 1221-22 (10th Cir. 2001); *Hall v. Am. Bakeries Co.*, 873 F.2d 1133, 1136 (8th Cir. 1989); *Goings v. United States*, 377 F.2d 753, 760-61 (8th Cir. 1967).  Albeit improper at times, Ms. Harris's examination of the witness did not fall below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 687-88.

In addition to failing to demonstrate deficient performance by his attorneys, McAdory has not demonstrated prejudice from the alleged deficiencies.  *See id.* at 694.  The undersigned presided over the trial and observed the evidence against McAdory to have been overwhelming.

---

[1]     Referring to the law enforcement officer's report, Ms. Harris asked the witness, "Would you like to see your statement one more time?"

Eyewitnesses identified him; he essentially confessed to an arresting officer; he was identified on surveillance tapes; he was arrested mere minutes after one of the robberies in clothing that matched a description of the clothing worn by the robber; he was carrying approximately $3,000 in cash when arrested; items taken from the bar robbed minutes before McAdory's arrest were found in the car from which McAdory ran just prior to his arrest; and McAdory's personal effects were found in the same car. McAdory has not demonstrated a reasonable probability that, but for the alleged errors by his attorneys, the result at trial or sentencing would have differed. *See id.* Accordingly, the Court rejects McAdory's claim of ineffective assistance of counsel.

*Counsel of choice*

McAdory next argues that he was denied his Sixth Amendment right to counsel of choice. Having complained about Ms. Harris's skill and performance, McAdory nevertheless complains that he was not exclusively represented by her, but by Ms. Durham as well. He maintains that he never entered into any agreement for Ms. Durham to represent him.

Ms. Durham and Ms. Harris were privately retained by McAdory. It was Ms. Durham who filed the Substitution of Counsel to record Ms. Durham's and Ms. Harris's representation of McAdory. McAdory appeared in open court with Ms. Durham many times; he had many opportunities to inform the Court that he was allegedly receiving legal services from a lawyer he had not actually hired. It was Ms. Durham who filed the motion to withdraw on behalf of Ms. Harris and herself. Before the Court granted the motion to withdraw, McAdory filed pro se motions asking the Court to order Ms. Durham and Ms. Harris to provide him with a copy of his file. A short time later, McAdory retained Mr. Whitlock, who represented him on appeal. McAdory made no mention of his present claim in his appeal.

As the government notes, McAdory procedurally defaulted his claim by failing to raise it on direct appeal. *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). McAdory's conclusory assertion that his procedural default should be excused because he received ineffective assistance of appellate counsel falls far short in light of the record summarized above of Ms. Durham's appearance on behalf of McAdory. *See id.* That record reveals the claim to be without merit. *See Cheek v. United States*, 858 F.2d 1330, 1334 (8th Cir. 1988).

### *Due process*

Finally, McAdory claims that his right to due process was violated because he was convicted on the basis of perjured testimony. McAdory has not offered any admissible or sufficient evidence to support a conclusion that the challenged testimony was perjured. *See United States v. Martin*, 59 F.3d 767, 770 (8th Cir. 1995). The Court rejects this claim.

### *Conclusion*

In short, the government's response articulates accurately and at length why McAdory's motion must be denied without an evidentiary hearing. McAdory has not demonstrated deficient performance by his former attorneys. Nor has he demonstrated a reasonable probability that, but for any alleged deficiency, the outcome would have differed. He was not denied counsel of choice, and his due process rights were not violated. Accordingly, the Court denies McAdory's motion.

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy

§ 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  Here, McAdory has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong.  The Court therefore declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   McAdory's section 2255 motion [Docket No. 361 in Criminal No. 04-186(3)] is DENIED.

2.   McAdory is not entitled to a certificate of appealability.

Dated:  February 17, 2009

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge