UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Carlos Lattrell McAdory,

        Defendant.

Criminal No. 04-186(3) (JNE/JSM)
Civil No. 08-6092 (JNE)
ORDER

From 2002 to 2004, Carlos Lattrell McAdory participated in a series of armed robberies of bars in and around St. Paul, Minnesota. In a Third Superseding Indictment, he was charged with conspiracy to commit robbery affecting interstate commerce; robbery affecting interstate commerce; use of a firearm in a crime of violence; and being a felon in possession of a firearm. After a jury found McAdory guilty on all counts, the Court sentenced him to multiple, consecutive terms of life imprisonment. McAdory appealed, and the Eighth Circuit affirmed. *United States v. McAdory*, 501 F.3d 868 (8th Cir. 2007). McAdory timely filed a motion under 28 U.S.C.A. § 2255 (West Supp. 2008). On February 17, 2009, the Court denied McAdory's section 2255 motion. McAdory filed a motion to reconsider in which he asked the Court to vacate the February 17 Order and to set a deadline for him to file a reply. In light of McAdory's request to file a reply, the Court held in abeyance the February 17 Order and set a deadline for McAdory to file a reply. After filing his reply, McAdory filed a motion to recuse and a motion to supplement the reply. For the reasons set forth below, the Court denies the motion to recuse, the motion to supplement, and the section 2255 motion.

### I.    Motion to recuse

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2006). "The test for recusal is 'whether

1

the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'" *United States v. Aldridge*, No. 08-1150, 2009 WL 875041, at *3 (8th Cir. Apr. 3, 2009) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)).  Here, McAdory asserts that recusal is required because the Court prematurely ruled on his section 2255 motion.  Notwithstanding McAdory's assertion, the February 17 Order did not issue prematurely.  In addition, the Court granted McAdory's request to submit a reply.  Thus, the Court rejects McAdory's assertion that recusal is required due to a premature ruling on his section 2255 motion.  *See Kemp v. United States*, 52 F. App'x 731, 733-34 (6th Cir. 2002) (rejecting petitioner's contention that district judge exhibited bias during section 2255 proceedings by dismissing section 2255 motion before petitioner could reply to government's answer); *Malizzio v. United States*, 46 F.3d 1133 (7th Cir. 1995) (unpublished table decision) (holding that lack of opportunity to file reply brief in support of section 2255 motion did not deny petitioner due process); *United States v. Crittenton*, Crim. No. 03-349-2, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) ("No court has held that Rule 5(d) entitles a petitioner to submit a reply under all circumstances.  When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief."); *Shipley v. United States*, Crim. No. 97-20005, 2007 WL 4372996, at *1 (W.D. Ark. Dec. 12, 2007) ("[Section] 2255 petitioners are not prejudiced by denial of an opportunity to file replies when courts do not solicit such replies, grant leave to file such replies or find additional argument necessary to dispose § 2255 motions.").

McAdory also claims that recusal is required because the undersigned, having presided over his trial, is biased against him.  It is presumed that the trial judge will decide a section 2255 motion.  This argument has no merit.

2

## II.     Motion to supplement

McAdory moves to supplement his reply memorandum with an affidavit of an attorney who briefly represented McAdory after trial and before sentencing. McAdory asserts that he was unable to file the affidavit when he filed his reply, but he does not explain his inability to timely file the affidavit. Accordingly, the Court denies his motion to supplement.

## III.    Section 2255 motion

The Court incorporates the February 17 Order here. Although the Court may dismiss the claims first raised in McAdory's reply, *see Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 1681 (2008), the Court will address the contentions raised in it.

### A.    Counsel of choice

McAdory asserts that he was denied his right to counsel of choice because he was not exclusively represented by Calandra Harris but was represented by Caroline Durham as well. McAdory characterized himself as a "paid client" of Ms. Durham in a letter that he sent to her. In another letter to Ms. Durham, McAdory acknowledged that he had retained her.[1] Thus, the Court rejects this claim.

### B.    Suppression hearing

McAdory claims that his counsel was ineffective at a suppression hearing because counsel failed to subpoena two individuals to testify at the hearing and because counsel failed to call McAdory to testify at the hearing. One of the two individuals actually testified at the hearing. McAdory has not identified what evidence would have been produced had counsel subpoenaed the other individual. *See Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). That counsel did not call McAdory to testify at the suppression hearing falls well within the range of

---

[1]     McAdory sent copies of the letters to the Court. The letters will be docketed.

professionally competent assistance. *See Johnson v. Norris*, 537 F.3d 840, 847-48 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 1334 (2009). Accordingly, the Court rejects McAdory's claim of ineffective assistance at the suppression hearing.

**C. Pre-trial preparation**

McAdory asserts that he received ineffective assistance of counsel because his counsel failed to adequately prepare for trial. He claims that his counsel did not interview witnesses, that Ms. Harris informed him that she would not cross-examine any of the government's witnesses at trial, and that his counsel either failed to review 4,000 pages of discovery produced by the government or refused to use the discovery to engage in effective cross-examination. The record does not support McAdory's assertion that his counsel failed to adequately prepare for trial. His counsel engaged in extensive pre-trial motion practice and vigorously cross-examined many of the witnesses called by the government. Accordingly, the Court rejects McAdory's conclusory assertion of ineffective assistance of counsel based on inadequate pre-trial preparation. *See Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997); *Kramer*, 21 F.3d at 309; *Otey v. Grammer*, 859 F.2d 575, 578 (8th Cir. 1988); *see also United States v. Thomas*, 221 F.3d 430, 437-38 (3d Cir. 2000).

**D. Opening statement**

McAdory identifies the opening statement given by Ms. Harris as another instance of ineffective assistance. According to McAdory, Ms. Harris spoke for three to four minutes, made false promises to the jurors, and essentially admitted McAdory's guilt. With regard to the length of Ms. Harris's statement, McAdory has not explained how it constitutes ineffective assistance. *Cf. Moss v. Hofbauer*, 286 F.3d 851, 863 (6th Cir. 2002) ("A trial counsel's failure to make an opening statement, however, does not automatically establish the ineffective assistance of

counsel."); *United States v. Evans*, 272 F.3d 1069, 1093 (8th Cir. 2001) (finding unpersuasive contention that counsel rendered ineffective assistance by failing to give an opening statement); *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) ("The failure to present an opening statement itself is not ineffective assistance."). McAdory has not identified the false promises that form the basis of his claim. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."). Finally, Ms. Harris did not concede McAdory's guilt in the opening statement. Thus, the Court rejects McAdory's assertion that Ms. Harris's opening statement constitutes ineffective assistance of counsel.

**E.    Double jeopardy**

McAdory claims that he received ineffective assistance of counsel because his attorneys failed to present a double jeopardy argument. McAdory argues that he was convicted of conspiracy, robbery affecting interstate commerce, and use of a firearm in a crime of violence in violation of the Double Jeopardy Clause. "[I]n the context of a single prosecution, the Double Jeopardy Clause forbids multiple *punishments* for the same offense, absent a clear intention on the part of Congress to authorize such punishment." *United States v. Howe*, 538 F.3d 820, 826 n.6 (8th Cir. 2008), *petition for cert. filed* (U.S. Dec. 22, 2008) (No. 08-8082). As the counts charging McAdory with conspiracy, robbery affecting interstate commerce, and use of a firearm in a crime of violence are not multiplicitous, *see Callanan v. United States*, 364 U.S. 587, 597 (1961); *United States v. Hoover*, 543 F.3d 448, 455-56 (8th Cir. 2008), the Court rejects this claim. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding claim of

ineffective assistance of counsel fails when premised on counsel's alleged failure to pursue meritless claim).

**F.      False testimony**

McAdory claims that he received ineffective assistance of counsel because his trial counsel failed to interview individuals who would have testified about allegedly false testimony given by some of the government's witnesses. Because McAdory relies on hearsay to establish the alleged recantations, the Court rejects this claim. *See Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007).

**G.      Interstate commerce**

McAdory claims that he received ineffective assistance of counsel because counsel failed to explore the interstate commerce element of the alleged violations of the Hobbs Act. The record does not support McAdory's assertion. Before his trial, McAdory moved to dismiss the charges against him, arguing that "the Government has not shown how Mr. McAdory's alleged activities substantially affected interstate [commerce]." In a Report and Recommendation dated December 21, 2004, the magistrate judge recommended that McAdory's motion be denied. McAdory objected, arguing that "[t]he robberies charged simply do not have the large effect [on interstate commerce] required." Adopting the Report and Recommendation, the Court denied McAdory's motion to dismiss. After trial and before sentencing, McAdory argued that the "alleged [robberies] did not affect nor impact interstate commerce." On appeal, McAdory argued that "the evidence was insufficient to support the jury's verdict because the government failed to prove an effect on interstate commerce." *McAdory*, 501 F.3d at 870. The Eighth Circuit concluded that "the robberies involved a sufficient nexus to interstate commerce to qualify as Hobbs Act violations." *Id.* at 871. As McAdory's counsel repeatedly raised the issue

of whether the government could or did prove an effect on interstate commerce, the Court rejects McAdory's assertion that he received ineffective assistance of counsel due to counsel's failure to explore the issue. To the extent McAdory claims that the evidence did not show an effect on interstate commerce, the Court rejects this claim because the Eighth Circuit resolved it on direct appeal. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.").

### IV.   Conclusion

With the addition of the preceding analysis, the Court reinstates the February 17 Order. McAdory is not entitled to relief under section 2255, and he is not entitled to a certificate of appealability. Therefore, IT IS ORDERED THAT:

1. McAdory's section 2255 motion [Docket No. 361 in Criminal No. 04-186(3)] is DENIED.

2. McAdory is not entitled to a certificate of appealability.

Dated:  April 27, 2009

                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge