UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br>　v.<br><br>Carlos Lattrell McAdory,<br><br>　　　　Defendant. | Crim. No. 04-186 (3) (JNE/JSM)<br>Civil No. 08-6092 (JNE)<br><br>**ORDER** |

　　　　This matter is presently before the Court on Defendant's "Rule 60(b) Motion." (Docket No. 413.) Defendant is asking the Court to vacate two prior orders, (Docket Nos. 366 and 373), that denied his motion for post-conviction relief under 28 U.S.C. § 2255.[1]

　　　　Defendant contends that he is not raising any <u>new</u> challenges to his conviction and sentence in this case, but rather, he is only raising an alleged flaw in the Court's disposition of his original § 2255 motion. Accepting this contention at face value, the Court finds that Defendant's Rule 60(b) motion is not barred by the rules restricting second or successive post-conviction petitions. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005) (a Rule 60(b) motion is not barred as a successive post-conviction petition if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings").

　　　　Defendant contends that his § 2255 motion included four claims of ineffective assistance of

---

[1] After the Court's initial order denying Defendant's § 2255 motion, (Docket No. 366), Defendant filed a "Motion to Reconsider," (Docket No. 368), asking for an opportunity to file a response to the Government opposition to the § 2255 motion. The Court granted that motion for reconsideration, and allowed Defendant to file a response as he requested. The Court then entered a supplemental order, (Docket No. 373), that again denied Defendant's § 2255 motion. Thereafter, Defendant sought appellate review of his § 2255 motion in the Eighth Circuit Court of Appeals, but his appeal was dismissed on November 23, 2009. (Docket No. 383.)

counsel that were not discussed in either of the orders that denied his motion. Now, more than two years after those orders were entered, Defendant claims that the Court made a "mistake" by failing to address those four ineffective assistance claims. He is asking the Court to correct that alleged "mistake" pursuant to Fed. R. Civ. P. 60(b)(1).

Rule 60(b)(1) authorizes a federal district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for... mistake, inadvertence, surprise, or excusable neglect." A "mistake" made by a court, (as opposed to a party or an attorney), is not correctable by means of a motion brought under Rule 60(b)(1), but a Rule 60(b)(1) motion can be predicated on alleged "judicial inadvertence." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 461 (8th Cir. 2000) ("[i]t remains the law in this Circuit that 'relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence' is not available") (quoting Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980)). Giving Defendant's current motion the benefit of liberal construction, it arguably presents an allegation of "judicial inadvertence" that could properly be raised in a Rule 60(b)(1) motion.

However, any motion brought under any provision of Rule 60(b) must be brought "within a reasonable time – and for reasons (1), (2), and (3) [listed in Rule 60(b)] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In this case, Defendant did not file his Rule 60(b)(1) motion until more than two years after the latest of the two orders that he now seeks to revisit.[2] Therefore, the Court need not consider whether Defendant's application for relief under Rule 60(b)(1) was brought "within a reasonable time." Because the current motion was filed well after the maximum one-year limit prescribed by

---

[2] The final order denying Defendant's § 2255 motion was entered on April 27, 2009, and the present Rule 60(b) motion was filed on June 22, 2011.

Rule 60(c)(1), Defendant cannot be granted any relief under Rule 60(b)(1).

Although Defendant's current arguments are based squarely on Rule 60(b)(1), his motion also includes an unexplained reference to Rule 60(b)(6), which allows a district court to grant relief from a final order or judgment "for any other reason that justifies relief." An application for relief brought under Rule 60(b)(6) is not subject to the rigid one-year time limit that applies to applications brought under Rule 60(b)(1), (2) or (3). However, even a Rule 60(b)(6) motion must be brought "within a reasonable time." What constitutes "a reasonable time" depends on the circumstances surrounding the motion. Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004).

Here, the Court finds that Defendant cannot be granted relief under Rule 60(b)(6), because his motion was not brought within a reasonable time after entry of the orders at issue. As the Court has already pointed out, the current motion was not filed until more than two years after the last ruling that Defendant now seeks to revisit. Moreover, the alleged "mistake" raised in the current motion, (i.e., the alleged lack of discussion of four ineffective assistance of counsel claims), was readily apparent when the orders at issue were entered more than two years ago. Nothing prevented Defendant from raising his current arguments two years ago, and Defendant has offered no excuse for the egregious tardiness of his current motion.

In short, there can be no doubt that Defendant's Rule 60(b) motion was <u>not</u> brought "within a reasonable time." See Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (habeas petitioner's 26-month delay in bringing Rule 60(b) motion was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932 (2002).

Therefore, the current motion must be summarily denied pursuant to Rule 60(c)(1).[3]

Because Defendant's Rule 60(b) motion challenges prior rulings on his § 2255 motion, he will not be able to appeal the denial of his Rule 60(b) motion without a Certificate of Appealability, ("COA").  See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) ("[a] certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief"), cert. denied, 545 U.S. 1135 (2005).  Defendant has not made "a substantial showing of the denial of a constitutional right," (28 U.S.C. § 2253(c)(2)), nor has he identified anything novel, noteworthy or worrisome about his case that might cause it to warrant further appellate review.  The Court finds no reason to believe that Defendant's current Rule 60(b) motion could be decided any differently in any other court, including the Eighth Circuit Court of Appeals.  Therefore, Defendant will not be granted a COA.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED** that

1. Defendant's "Rule 60(b) Motion," (Docket No. 413), is DENIED; and

2. Defendant will not be granted a Certificate of Appealability.

Dated: June 29, 2011                                    s/ Joan N. Ericksen
                                                        JOAN N. ERICKSEN
                                                        United States District Court Judge

---

[2] Although Defendant's Rule 60(b) motion cannot be addressed on the merits because it is untimely, the Court nevertheless observes that the outcome of Defendant's § 2255 motion would be unchanged even if the motion had been timely filed.  Defendant has not shown that he is entitled to post-conviction relief on any of the ineffective assistance of counsel claims presented in his § 2255 motion, including the four claims cited in his current Rule 60(b) motion.