UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Carlos Lattrell McAdory,

        Defendant.

Criminal No. 04-186(3) (JNE/JSM)
Civil No. 08-6092 (JNE)
ORDER

In January 2005, a jury found Carlos Lattrell McAdory guilty of all charges against him in the Third Superseding Indictment. The Court sentenced McAdory in April 2006. He appealed, and the Eighth Circuit affirmed. *United States v. McAdory*, 501 F.3d 868 (8th Cir. 2007). In November 2008, McAdory moved for relief under 28 U.S.C. § 2255 (2012). The Court denied his § 2255 motion in February 2009. McAdory filed a motion to reconsider, the Court held in abeyance the February 2009 Order, and the Court afforded McAdory an opportunity to submit a reply. In April 2009, the Court reinstated the February 2009 Order and denied his § 2255 motion. More than two years later, McAdory filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denied the Rule 60(b) motion in June 2011. The next month, he filed a motion to reconsider, which was denied. He also filed a motion under Rule 15(c) of the Federal Rules of Civil Procedure. The Court denied the Rule 15(c) motion in September 2011. In October 2012, McAdory filed a "Memorandum of Law in Support of Rule 60(b)(6) and 60(d)(1) Motion." Because the motion was a second or successive motion under

1

§ 2255 for which McAdory had not received approval from the Eighth Circuit, the Court denied the motion in January 2013.

McAdory's most recent round of submissions began in October 2013, when he filed a "Memorandum of Law in Support of Rule 15(c) Motion."  The next month, the Court received a "Judicial Notice to Fed. R. Civ. P. 15(c) Motion."  In January 2014, the Court received a "Request for the Court to Rule on Petitioner's Rule 15(c) and Judicial Notice Motion."  The next month, he filed a "Memorandum of Law in Support of Rule 15(c) Motion," as well as a "Judicial Notice to Fed. R. Civil Pro. 15(c) Motion."  In the October 2013 memorandum, McAdory claimed that he had received ineffective assistance of counsel because his attorney failed to object to the government's failure to file an information under 21 U.S.C. § 851(a) (2012).  He acknowledged that he had raised "the exact claim" in the § 2255 motion that was denied in February and April 2009.  In the February 2014 memorandum, McAdory claimed that the government's failure to file an information under § 851(a) violated its obligation to disclose favorable sentencing information, his right to due process, and his right to the effective assistance of counsel.

Although he relied on Rule 15 in his most recent submissions, McAdory has actually attempted to bring successive motions under § 2255 without authorization from the Eighth Circuit.  *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam); *United States v. Matlock*, 107 F. App'x 697, 698 (8th Cir. 2004) (per curiam).  Because McAdory did not obtain authorization from the Eighth Circuit, the

2

Court dismisses the motions.[1]  *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).  The Court declines to issue a certificate of appealability.  *See Lambros*, 404 F.3d at 1036-37.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. McAdory's successive § 2255 motions [Docket Nos. 491 and 503] are DISMISSED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2014

                                            s/Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge

---

[1] Even if the Court could consider the motions, McAdory's claims have no merit. *See United States v. Roundtree*, 534 F.3d 876, 881-82 (8th Cir. 2008); *United States v. Johnson*, 462 F.3d 815, 822-23 (8th Cir. 2006).

3