UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                    Criminal No. 04-186(3) (JNE/JSM)
v.                               Civil No. 08-6092 (JNE)
                                      ORDER

Carlos Lattrell McAdory,

        Defendant.

In March 2014, the Court dismissed Carlos McAdory's motions to amend because the motions were unauthorized, successive motions under 28 U.S.C. § 2255 (2012). *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Later that month, McAdory filed a "Memorandum of Law in Support of 52(b) and 59(e)." The next month, he filed a "Motion to Amend." The Court construes the documents as a motion to alter or amend the judgment.

According to McAdory, the Court "misstated" that he had "acknowledged that 'the exact claim' raised in the October 2013 memorandum was a claim that was denied in February and April 2009." McAdory maintained that a motion under Rule 15(c) of the Federal Rules of Civil Procedure "relating back to a timely filed 2255 claim that is not adjudicated is not a successive motion."

In February 2009, the Court rejected McAdory's claim of ineffective assistance of counsel:

> In its 65-page response to McAdory's motion, the government provides a detailed refutation of each alleged instance of ineffective assistance by Ms. Harris (as well as Ms. Durham and Mr. Whitlock). The government has

1

accurately represented the record, and the Court agrees that the alleged deficiencies do not actually constitute deficient performance.

. . . .

In addition to failing to demonstrate deficient performance by his attorneys, McAdory has not demonstrated prejudice from the alleged deficiencies. . . . McAdory has not demonstrated a reasonable probability that, but for the alleged errors by his attorneys, the result at trial or sentencing would have differed. Accordingly, the Court rejects McAdory's claim of ineffective assistance of counsel.

*United States v. McAdory*, Criminal No. 04-186(3) (JNE/JSM), 2009 WL 398074, at *1-2 (D. Minn. Feb. 17, 2009) (citations omitted). In October 2013, McAdory claimed that he had received ineffective assistance of counsel because his attorney failed to object to the government's failure to file an information under 21 U.S.C. § 851(a) (2012). He also stated: "In the petitioner's habeas petition, petitioner asserted the exact claim herein." In March 2014, the Court stated: "[McAdory] acknowledged that he had raised 'the exact claim' in the § 2255 motion that was denied in February and April 2009."

The Court denies McAdory's motion to alter or amend the judgment. A certificate of appealability is denied. *See Lambros*, 404 F.3d at 1036.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.      McAdory's motion to alter or amend the judgment [Docket Nos. 515 & 516] is DENIED.

2.      A certificate of appealability is DENIED.

Dated: April 22, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge