UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                                    Criminal No. 04-186(3) (JNE/JSM)
v.                                                   Civil No. 08-6092 (JNE)
                                                   ORDER

Carlos Lattrell McAdory,

        Defendant.

       This case is before the Court on Defendant's Motion to Correct the Written Judgment under Rule 36 of the Federal Rules of Criminal Procedure. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 authorizes a court to correct a clerical error in a judgment at any time. Rule 36 does not authorize a district court to *modify* a sentence at any time." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) (citation omitted).

       Defendant filed the motion to resolve an alleged conflict between the judgment and the oral pronouncement of sentence. "The oral pronouncement by the sentencing court is the judgment of the court. Where an oral sentence and the written judgment conflict, the oral sentence controls." *United States v. Johnson*, 719 F.3d 660, 672 (8th Cir. 2013) (citation omitted) (internal quotation marks omitted). Defendant perceived two differences. First, Defendant claimed that the Court had stated he "was not getting extra time on counts 20 and 21, but the written judgment states that [he] received a 'life'

1

sentence in violation of 18 U.S.C. § 924(e), as charged in the Third Superseding Indictment." Second, Defendant claimed that "it is clear from the record that [he] was never an armed career criminal and did not have the prior convictions that would qualify him for an enhancement of a life sentence under [18 U.S.C. §] 924(e)."

At his sentencing in April 2006, the Court sentenced Defendant to life imprisonment on Counts 20 and 21:

> I'm sentencing you to the custody of the Bureau of Prisons for life. 240 months on Count 1. You're sentenced to life in prison on Counts 2 through 10. Those life sentences are concurrent with each other, so that's one life sentence right there.
>
> And also concurrent with that life sentence is the sentence on Counts 20 and 21. And that is a life sentence because I find that you are an armed career criminal, but you're not getting extra time for that anyway. That's concurrent with the life sentence.
>
> You are also sentenced to life on Count 11, on Count 12, Count 13, Count 14, Count 15, Count 16, Count 17, Count 18, Count 19. That's ten consecutive life sentences.

The judgment accurately reflects the oral pronouncement of sentence on Counts 20 and 21. In relevant part, the judgment contains the following term of imprisonment: "Life on Counts 2-10 and Counts 20 and 21, to be served concurrently with Count 1." The Court rejects Defendant's assertion that a clerical error subject to correction under Rule 36 exists. To the extent Defendant argued that he is not subject to a life sentence, the Court denies his Rule 36 motion. *See Tramp*, 30 F.3d at 1037.

3

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Correct the Written Judgment under Rule 36 of the Federal Rules of Criminal Procedure [Docket No. 538] is DENIED.

Dated: July 2, 2014

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge