UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                                           Case No. 04-cr-186 (JNE/JSM)(3)
                                                                         ORDER

Carlos Lattrell McAdory,

    Defendant.

      This matter is before the Court on Carlos Lattrell McAdory's second or successive motion to vacate his sentence under 28 U.S.C. § 2255 and the government's motion to dismiss McAdory's motion. McAdory argues in part that his sentence as a career offender under the sentencing guidelines is invalid in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held unconstitutional the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. The guidelines' career-offender enhancement includes an identical residual clause, U.S.S.G. § 4B1.2(a)(2), though the Supreme Court has yet to determine whether this clause is unconstitutional too.

      Regardless of the merits, the Court does not have jurisdiction to entertain McAdory's motion. Rule 9 of the Rules Governing Section 2255 Proceedings states: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." The Supreme Court has likewise stated that a petitioner is "required to receive authorization from the Court of Appeals before filing his second [habeas] challenge." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Where the petitioner files in district court before receiving

such authorization, the district court is without jurisdiction to hear the challenge. *Id.* In *Burton*, the Supreme Court was addressing a successive section 2254 petition, but the same principle applies to a successive section 2255 motion. *See Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000). Indeed, Rule 9 of the rules governing section 2254 cases is nearly identical to the Rule 9 governing section 2255 proceedings.

Here, on May 31, 2016, McAdory filed his application for permission with the Eighth Circuit. Before the Eighth Circuit ruled on McAdory's application, McAdory filed his section 2255 motion in this Court on June 27, 2016. Several days later, on July 1, 2016, the Eighth Circuit issued an order holding McAdory's application in abeyance pending the resolution of *Beckles v. United States*, No. 15-8544, in which the Supreme Court will determine whether the holding in *Johnson* applies to the residual clause in the sentencing guidelines. McAdory seemingly filed in district court before waiting for Eighth Circuit approval because he was concerned his one-year statute of limitations would expire before the appeals court ruled on his application. *See* 28 U.S.C. § 2255(f). Regardless of his reasons, the Court does not have jurisdiction to consider the merits of McAdory's successive section 2255 motion because he did not receive Eighth Circuit approval to file it. Accordingly, the Court must deny his motion.

As for McAdory's limitations period, it has not yet expired. Once he filed his application with the appeals court, the statute of limitations was tolled. *See Orona v. United States*, ---F.3d---, 2016 WL 3435692, at *2 (9th Cir. 2016) ("[T]he filing of a second or successive application in our court tolls the 1–year statute of limitations . . . until our court rules on the application."); *Easterwood v. Champion*, 213 F.3d 1321, 1324 (10th Cir. 2000) (tolling the time to file a habeas petition "during the twenty-three days that Mr. Easterwood's request to file a successive habeas petition was pending before this court"). Thus, if the Eighth Circuit ultimately grants McAdory

permission to file a second or successive section 2255 motion, he will have time to file the motion in this Court.

Moreover, a statute of limitations defense is a non-jurisdictional affirmative defense that the government may waive. *Day v. McDonough,* 547 U.S. 198, 205, 209, 211 n. 11 (2006). Where the government has deliberately waived a limitations defense, it would be an abuse of discretion for a district court to override the waiver. *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012). Waiver is the intentional relinquishment or abandonment of a known right. *Id.* at 1835. Here, the government's brief, citing to the *Orona* court's holding that filing with the appeals court tolls the statute of limitations, states that denial of McAdory's motion would likely still leave him time to file in this Court if the Eighth Circuit grants permission. The government has thereby waived its right to assert a statute of limitations defense if McAdory receives permission to file a successive section 2255 motion and timely files the motion in accordance with tolling principles.

"Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra,* 502 U.S. 1, 4 n. 2 (1991). In this case, the limitations period began to run when the Supreme Court decided *Johnson* on June 26, 2015, and it would have expired on Monday, June 27, 2016. The limitations period stopped running, though, on May 31, 2016, when McAdory filed his application with the Eighth Circuit. Thus, McAdory has twenty-seven days left on the clock. If the Eighth Circuit grants McAdory's application, he will have twenty-seven days to file his section 2255 motion in this Court.

An appeal cannot be taken from a final order denying a section 2255 motion without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court denies a certificate of appealability because McAdory has not made a substantial showing of the denial of a constitutional right. Nothing in this Order, though, precludes McAdory from continuing to seek permission from the Eighth Circuit to file a second or successive section 2255 motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The government's motion to dismiss the section 2255 motion [Docket No. 695] is GRANTED.

2. McAdory's section 2255 motion [Docket No. 692] is DENIED WITHOUT PREJUDICE.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 9, 2016

        s/Joan N. Ericksen
        JOAN N. ERICKSEN
        United States District Judge